**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCIS WILSON** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ARBITRATION** |
| | ) | |
| **PENN CREDIT CORPORATION** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff Francis Wilson is an adult individual residing in Myrtle Beach, SC.

5.     Defendant Penn Credit Corporation ("Penn Credit") is a business entity regularly doing business in the Eastern District of Pennsylvania with its principal office located at 916 S. 14th Street, Harrisburg, PA**.**  The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6.     At all pertinent times hereto, Defendant was hired to collect a debt owed to an original creditor (hereafter the "debt").

7.     At all pertinent times hereto, the alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.     At all pertinent times, Plaintiff did not owe the debt in question.

9.     In or around March 2015, Defendant began contacting Plaintiff on Plaintiff's telephone approximately seven times per week in an attempt to collect the debt with the intent to annoy, abuse, and harass.

10.     Notwithstanding the above, Defendant also contacted Plaintiff at inconvenient times in violation of the FDCPA.  Specifically, Defendant contacted Plaintiff at 9:33 p.m., 10:13 p.m., 11:02 p.m. and 10:10 p.m. during the months of March and April 2015.

11.     In response to the unwanted telephone calls, on or about March 27, 2015, Plaintiff wrote, and the Defendant did receive, a cease and desist letter.  The letter requested that Defendant stop initiating unwanted telephone communications to Plaintiff and only contact him in writing.

12.     Notwithstanding the above, and continuing through June 2015, Defendant continued to contact Plaintiff telephonically at least seven times a week in an attempt to collect the debt with the intent to annoy, abuse, and harass.

13.     The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with persons other than the debtor about information other than debtor's location.

14.     The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

2

15.     The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

16.     The Defendant acted in a false, deceptive, misleading and unfair manner when contacting the plaintiff after receiving written notification to cease communications.

17.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

18.     The Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

19.     The Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

20.     The Defendant acted in a false, deceptive, misleading and unfair manner by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

21.     The Defendant knew or should have known that its actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

22.     At all times pertinent hereto, the Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

23.     At all times pertinent hereto, the conduct of the Defendant, as well as its agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

24.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, loss of sleep, ulcers, anxiety, nervousness, fear, worry, sever stress, hypertension, loss of concentration, irritability, emotional and mental stress, strain to marriage, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

25.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

27.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692c(c), 1692d, 1692d(5), 1692e(2)(A), 1692e(10) and 1692f, as evidenced by the following conduct:

(a)     Communicating with persons other than the debtor about information other than debtor's location;

(b)     Communicating with persons other than the debtor on more than one occasion;

(c)     Communicating the Plaintiff at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;

(d)     Communicating with the Plaintiff after a receiving a written cease and desist notification;

(e)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

(f)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(g)     Falsely representing the amount, character or legal status of the debt; and

(h)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect a debt.

30.     Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

31.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Costs and reasonable attorney's fees; and

(d)     Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY:     */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        ERIN A. NOVAK, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600
DATE: February 08, 2016     ***Attorneys for Plaintiff***